UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY X CONIC,

                Petitioner,

v.                                CASE NO. 05-CV-73944-DT
                                HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

                Respondent.
_____/

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS,**
**DENYING PETITIONER'S MOTION FOR REMOVAL OF DEFENSES,**
**AND VACATING PREVIOUS DENIAL OF APPOINTMENT OF COUNSEL**

Petitioner Larry X Conic has filed a *pro se* habeas corpus petition under 28 U.S.C. §

2254.  Currently pending before the Court are Respondent's motion to dismiss the habeas

petition as time-barred and Petitioner's motion to deprive Respondent of procedural defenses as

a sanction for supposedly missing court deadlines.

Petitioner's motion lacks merit and is denied.  However, because he has stated an

arguable claim of actual innocence, Respondent's motion to dismiss also is denied.

**I.  Background**

Petitioner has been convicted of felony murder, MICH. COMP. LAWS 750.316, two counts

of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS 750.84,

and one count of felony firearm, MICH. COMP. LAWS 750.227b.  On June 22, 1990, he was

sentenced to two years in prison for the felony firearm conviction, followed by concurrent terms

of life imprisonment for the murder and six to ten years in prison for the assaults.  The Michigan

*Conic v. Warren*, No. 05-73944

Court of Appeals affirmed Petitioner's conviction, *see People v. Conic*, No. 130946 (Mich. Ct. App. Oct. 28, 1992), and on March 29, 1993, the Michigan Supreme Court denied leave to appeal. *See People v. Conic*, 442 Mich. 880; 550 N.W.2d 473 (1993) (table).

Petitioner raised his habeas claims in a motion for relief from judgment filed on or about June 20, 2003. The trial court denied his motion, and on March 11, 2004, the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Conic*, No. 250373 (Mich. Ct. App. Mar. 11, 2004). On October 25, 2004, the Michigan Supreme Court likewise denied leave to appeal, *see People v. Conic*, 471 Mich. 899; 688 N.W.2d 82 (2004), and on October 3, 2005, the United States Supreme Court denied Petitioner's application for a writ of certiorari. *See People v. Conic*, __ U.S. __, 126 S. Ct. 71 (2005).

Petitioner signed and dated his habeas corpus petition on October 12, 2005. The grounds for relief read:

> I.     Petitioner's felony murder was based on a misinterpretation of the underlying robbery statute. When the Michigan Supreme Court corrected the robbery statute it revealed Petitioner's shooting was never "in the perpetration" of robbery, and there is insufficient evidence of felony murder without that connection. Petitioner's felony murder rests on insufficient evidence under the 14th A[mendment].

> II.    The trial court had a duty to give the claim of right instruction *sua sponte*, because the whole case arose from collecting a debt. Failure to provide the instruction sent the jury to deliberate without the tools they needed to find guilt - innocence. It denied a fair trial, and due process under the 5th and 14th Amendments.

2

*Conic v. Warren*, No. 05-73944

III.    Trial counsel had a duty to request the claim of right instruction
        even if the court did not.  Counsel was constitutionally ineffective
        for failing to request the claim of right and failing to interview
        Steve Adams, who was the eye of the robbery storm.  His failures
        violated the 6th and 14th Amendments under *Strickland v.
        Washington*, 466 US 668.

IV.     Appe[llate] counsel was ineffective for failing to consult with
        Petitioner or investigate the case.  If this Court finds *Strickland* is
        not satisfied, Petitioner argues that Michigan's Freedom of
        Information Act impedes access to documents needed to overcome
        *Strickland's* presumption of adequate counsel.

Respondent urges the Court to dismiss these claims on the ground that Petitioner failed to

comply with the one-year statute of limitations.

## II.  Discussion

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period

of limitations for habeas petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  The

limitations period runs from the latest of

        **(A)** the date on which the judgment became final by the conclusion of
        direct review or the expiration of the time for seeking such review;

        **(B)** the date on which the impediment to filing an application created by
        State action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;

        **(C)** the date on which the constitutional right asserted was initially
        recognized by the Supreme Court, if the right has been newly recognized by the
        Supreme Court and made retroactively applicable to cases on collateral review; or

        **(D)** the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due diligence.

3

*Conic v. Warren*, No. 05-73944

28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

For inmates like Petitioner, whose convictions became final before the AEDPA was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions.  *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *reversed on other grounds*, 530 U.S. 1257 (2000).  Petitioner did not file his habeas petition until October 12, 2005.  His pleading is time-barred, absent tolling or a delayed start of the statute of limitations under one of the subsections quoted above.

## B.  Subsection 2244(d)(1)(C)

Petitioner argues for a delayed start of the limitations period on the basis of 28 U.S.C. § 2244(d)(1)(C), which permits the statute of limitations to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  This subsection is not applicable here, because Petitioner is not relying on a newly asserted constitutional right.

## C.  Subsection 2244(d)(1)(D)

Petitioner proposes a second basis for delaying the start of the limitations period:  28 U.S.C. § 2244(d)(1)(D).  This subsection states that the limitations period can run from "the date

*Conic v. Warren*, No. 05-73944

on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence."  Petitioner alleges that the factual predicate for his first

claim (insufficient evidence of armed robbery) could not have been discovered until July 11,

2002, when the Michigan Supreme Court issued its decision in *People v. Randolph*, 466 Mich.

532; 648 N.W.2d 164 (2002).  The state supreme court overruled the "transactional approach" to

unarmed robbery in *Randolph*.[1]  Under the "transactional approach,"

> a defendant has not completed a robbery until he has escaped with stolen
> merchandise.  Thus, a completed larceny may be elevated to a robbery if the
> defendant uses force after the taking and before reaching temporary safety.

*Id*., 466  Mich. at 535; 648 N.W.2d at 166.  The supreme court reasserted in *Randolph* "that the

force, violence, assault or putting in fear underlying the robbery must occur before or

contemporaneously with the felonious taking."  *Id*., 466 Mich. at 551; 648 N.W.2d at 174.  "The

force used later to retain stolen property is not included."  *Id*., 466 Mich. at 536; 648 N.W.2d at

167.

If the statute of limitations began to run when *Randolph* was decided, the habeas petition

was timely.  Petitioner filed his motion for relief from judgment about three weeks before the

one-year anniversary of *Randolph*, and he filed his habeas petition before the Supreme Court

denied rehearing on his petition for a writ of certiorari.

---

[1]  In 2003, the Michigan Court of Appeals ruled that, in light of *Randolph*, "the
armed-robbery statute, like the unarmed-robbery statute, does not allow for a conviction
based on 'transactional approach.'"  *People v. Scruggs*, 256 Mich. App. 303, 310; 662
N.W.2d 849, 853 (2003).

*Conic v. Warren*, No. 05-73944

Although the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295 (2005), "does establish that a state-court judgment can sometime constitute a fact triggering a new limitations period under AEDPA, the language of both the majority and the dissent suggests that a state-court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim." *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 1333 (2006). Consequently, Petitioner is not entitled to a delayed start for the statute of limitations under § 2244(d)(1)(D).

### D.  Equitable Tolling

Petitioner's final argument in opposition to Respondent's motion to dismiss is that the Court should toll the limitations period on equitable grounds.  He admits shooting someone, but he claims that the shooting was not done in perpetration of a robbery and that he had a claim of right to the money taken from the robbery victim.  Thus, he argues that he is not guilty of the robbery, which was the predicate felony for the felony murder conviction, and that there was insufficient evidence to support the felony murder conviction.  The Court construes this argument to seek equitable tolling of the limitations period on the basis of actual innocence.

### 1.  New Evidence as a Basis for a Claim of Actual Innocence

"The United States Supreme Court has held that a claim of actual innocence can be raised 'to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims.'"  *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995)).  And in *Souter*, the Sixth Circuit held "that where an otherwise time-barred

*Conic v. Warren*, No. 05-73944

habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Id*. at 602.

There are two distinct categories of actual innocence, which permit a court to reach the merits of defaulted habeas claims. *Ross v. Berghuis,* 417 F.3d 552, 555-56 (6th Cir. 2005). *Schlup* and *Souter* recognized a form of actual innocence, which requires the petitioner to prove that new and reliable evidence establishes innocence by a more-likely-than-not standard. *Id*. at 556. This type of actual innocence claim does not apply here, because Petitioner is not claiming to have new evidence, and he admits the shooting that gave rise to his felony murder conviction.

## 2.  Actual Innocence of the Penalty

A second form of actual innocence applies to cases where the petitioner alleges innocence of the penalty. This form of actual innocence requires a petitioner to "prove 'by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible of the death penalty under the applicable state law." *Id*. at 556-57 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992)).

The Sixth Circuit declined to decide in *Ross* whether *Souter*'s equitable tolling rule could be extended to "innocence of the penalty" assertions like those addressed in *Sawyer* or whether *Sawyer* applies to non-capital cases. It was unnecessary to decide those questions because Ross

7

*Conic v. Warren*, No. 05-73944

had not demonstrated that he was actually innocent of the penalty for felony murder under state law.[2]

Petitioner's case is an appropriate one in which to extend *Souter*'s equitable tolling rule to "innocence of the penalty" assertions. Although Petitioner is not facing the death penalty, he is serving the State's most severe penalty: life imprisonment without the possibility of parole. His case is considered a capital offense in Michigan. Furthermore, there is a solid basis under state law for finding that Petitioner is actually innocent of the penalty. *Randolph*, on which Petitioner relies, merely overruled precedent of the Michigan Court of Appeals. *Randolph* reaffirmed supreme court precedent that the force used to accomplish the taking in a robbery must be contemporaneous with the taking.

The Michigan Supreme Court has never recognized the "transactional approach" to robbery. *Randolph*, 466 U.S. at 540; 648 N.W.2d at 168. Over seventy-five years ago, the Michigan Supreme Court explained that violence or putting in fear must be the means by which the robber took property from an individual. *See People v. Cabassa*, 249 Mich. 543, 547; 229 N.W.2d 442, 444 (1930). In *People v. Kruper*, 340 Mich. 114, 121; 64 N.W.2d 629, 632 (1954), the state supreme court stated that, "[w]henever the elements of force or putting in fear enter into the taking, and that is the cause which induces the party to part with his property, such taking is robbery." And in *Saks v. St. Paul Mercury Indemnity Co.*, 308 Mich. 719, 723; 14 N.W.2d 547,

---

[2] Ross's argument failed because the predicate felony for his felony murder conviction was assault with intent to rob. The Sixth Circuit pointed out that "Michigan recognizes assault with intent to rob as a predicate for felony murder" and therefore, Ross had not demonstrated that he was actually innocent of the penalty for felony murder. *Ross*, 417 F.3d at 557.

8

*Conic v. Warren*, No. 05-73944

548 (1944), the supreme court stated that "an essential element of robbery armed is assaulting another and stealing or taking away money or other property from his person *or in his presence*." *Id*. at 723 (emphasis in original).   These cases indicate that, in order for an offense to constitute robbery of any sort, force and violence or putting in fear must be the inducement that causes the victim to part with his property.

### III.  Conclusion

*Randolph* is not new supreme court law.  Therefore, Petitioner has stated an arguable claim of actual innocence of the penalty for felony murder.  His claim of actual innocence is sufficient to overcome his failure to comply with the statute of limitations.  Therefore, Respondent's motion to dismiss the habeas petition [Doc. 21, Oct. 5, 2006] is DENIED. Petitioner's motion to prevent Respondent from asserting procedural defenses [Doc. 39, Dec. 29, 2006] is DENIED, because Respondent is not in default and did not file untimely motions for extension of time.

The Court's order denying without prejudice Petitioner's motion for appointment of counsel [Doc. 12, Apr. 14, 2006] is VACATED to the extent that it denied counsel.  The Court GRANTS Petitioner's motion for appointment of counsel.  Petitioner will file a brief by April 24, 2007.  Respondent has until May 22, 2007 to reply.  Oral argument will be set, if necessary.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        United States District Judge

Dated:  March 12, 2007

9

*Conic v. Warren*, No. 05-73944

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 12, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary