UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY X CONIC,

        Petitioner,

v.　　　　　　　　　　　　　　　　　CASE NO. 05-CV-73944-DT
　　　　　　　　　　　　　　　　　　HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

        Respondent.
_____/

## ORDER DENYING RECONSIDERATION, TRANSFERRING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS, AND GRANTING A CERTIFICATE OF APPEALABILITY

Petitioner Larry X Conic has appealed the Court's opinion and order denying his habeas corpus petition. Pending before the Court are Petitioner's motions for relief from judgment and for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7.1.

### I. The Motions for Reconsideration and Relief from Judgment

The habeas petition challenged Petitioner's felony murder conviction on the grounds that the evidence was insufficient and the jury should have been instructed on a claim-of-right defense. The Court concluded that the robbery and murder were part of an unbroken chain of events and, therefore, the evidence was sufficient to sustain the felony murder conviction. The Court rejected Petitioner's claims about a claim-of-right defense because Petitioner lacked a good faith right to assert the defense. Petitioner alleges in his pending motions that the Court misunderstood his sufficiency-of-the-evidence argument and incorrectly decided his claim-of-right issues.

Reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1 is **DENIED** because Petitioner is merely presenting the same issues already ruled upon by the

Court. Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005). Whether Petitioner's motions for relief from judgment under Federal Rule of Civil Procedure 60(b) may go forward depends on the nature of the relief sought. *Gonzalez v. Crosby*, 545 U.S. 524, 539 (2005) (Stevens, J., dissenting). A Rule 60(b) motion that asserts a federal basis for relief from a state court judgment of conviction states a "claim" under 28 U.S.C. § 2244(b) and should be treated as a successive habeas petition. *Id.* at 530-31 (majority opinion). Petitioner's motions attack the Court's previous resolution of his claims on the merits. Thus, his motions advance a "claim" and must be treated as a second or successive habeas corpus petition. *Id.* at 532.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has not acquired permission to file a second or successive habeas petition. Therefore, the Court must transfer his motions to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2

## II. The Notice of Appeal

The Court must treat Petitioner's notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To obtain a certificate of appealability, a prisoner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further." *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003)).

Although the Court concluded that Petitioner was not entitled to habeas relief, the issues presented in his habeas petition warrant encouragement to proceed further. Therefore, a certificate of appealability may issue on all of Petitioner's claims. He may proceed *in forma pauperis* on appeal because his appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

                                                    S/Arthur J. Tarnow
                                                    Arthur J. Tarnow
                                                    United States District Judge

Dated: October 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 10, 2008, by electronic and/or ordinary mail.

                                                    S/Catherine A. Pickles
                                                    Judicial Secretary